1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  1:24-cr-00190-KES-BAM-1

12              Plaintiff,                   No.  6:24-mj-00014-HBK-1

13         v.

14    MICHAEL A. VALENCIA,                   ORDER RE COMPETENCY

15              Defendant.                   (Doc. 29)

16

17

18         Defendant Michael A. Valencia was charged by indictment on August 1, 2024, with

19    assault on a federal officer with bodily injury, in violation of 18 U.S.C. § 111(a)(1) and (b).

20    Doc. 10.  On Sept. 26, 2024, the parties filed a stipulation in Case No. 1:24-cr-0081 agreeing that,

21    based upon the psychiatric examination and report of Dr. A.A. Howsepian, "it appears pursuant to

22    18 U.S.C. § 4241(d) that there is reasonable cause to believe that Mr. Valencia is presently

23    suffering from a mental disease or defect rendering him mentally incompetent to the extent that

24    he is unable to understand the nature and consequences of the proceedings against him or to assist

25    properly in his defense."  Doc. 29.  The parties request that the court commit the defendant to the

26    custody of the Attorney General pursuant to 18 U.S.C. § 4241(d)(1).  *Id.*

27         The Court held a status conference with the parties on October 7, 2024, and a further

28    hearing on October 28, 2024.  The Court has also reviewed the report of Dr. Howsepian, which

                                              1

1   the defense filed under seal.  Doc. 30.  The Court finds by a preponderance of the evidence that

2   defendant is presently incompetent to stand trial, and defendant shall be committed to the custody

3   of the Attorney General in accordance with 18 U.S.C. § 4241(d).

4          "[T]he Constitution does not permit trial of an individual who lacks 'mental

5   competency.'"  *Indiana v. Edwards*, 554 U.S. 164, 170 (2008) (citing *Dusky v. United States*, 362

6   U.S. 402 (1960) (per curiam), and *Drope v. Missouri*, 420 U.S. 162 (1975)). At all times before

7   conviction, a defendant must have "a rational as well as factual understanding of the proceedings

8   against him" and "sufficient present ability to consult with his lawyer with a reasonable degree of

9   rational understanding."  *Id*. (internal quotation marks and emphasis omitted).  "A defendant that

10  'lacks the capacity to understand the nature and object of the proceedings against him, to consult

11  with counsel, and to assist in preparing his defense may not be subjected to a trial."  *United States*

12  *v.* Garza, 751 F.3d 1130, 1134 (9th Cir. 2014).  In determining competency, the court may

13  consider the defendant's behavior and demeanor in the courtroom in addition to any medical

14  opinion on his competence.  *United States v. Fernandez*, 388 F.3d 1199, 1251 (9th Cir. 2004).

15  The government has the burden of demonstrating by a preponderance of the evidence that the

16  defendant is competent to stand trial. *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1992).

17  The government has stipulated that defendant Valencia is presently incompetent to stand trial.

18         The parties have also stipulated to the information set forth in Dr. Howsepian's report

19  (Doc. 30).  Dr. Howsepian identifies defendant's primary psychiatric disorder as "Unspecified

20  Schizophrenia Spectrum and Other Psychotic Disorder, Likely Schizophrenia."  *Id.* at 6.  He also

21  identifies defendant as having as a secondary psychiatric disorder, by history, "Substance Abuse

22  Disorder."  *Id.*  Dr. Howsepian finds that defendant's "serious, psychotic mental disorder, likely

23  Schizophrenia, . . . renders him *both* unable to understand the nature and consequences of the

24  proceedings against him *and* unable to assist his counsel properly in his defense."  *Id.* at 7

25  (emphasis in original).  Defendant's "symptoms appear continuous with his symptoms at the time

26  of his arrest and are consistent with someone with a history of chronic severe mental illness."  *Id.*

27  at 10.  Dr. Howsepian concludes that treatment with antipsychotic medications in a controlled

28  setting in a facility likely will restore defendant to competency.  He recommends that defendant

1    "be remanded to a facility in which he can be adequately treated with antipsychotic medications,

2    the treatment of which *would* be expected to restore him to competency." *Id.* (emphasis in

3    original).

4              Accordingly, the Court finds by a preponderance of the evidence that defendant is unable

5    to understand the nature and consequences of the proceedings against him or to assist properly in

6    his defense and ORDERS:

7              (1)     Defendant is to be committed to the custody of the Attorney General, pursuant to

8                      18 U.S.C. § 4241(d).  The Attorney General shall hospitalize defendant for

9                      treatment in a suitable facility for a reasonable period of time, not to exceed four

10                     months, to determine whether there is a substantial probability that in the

11                     foreseeable future defendant will attain the capacity to permit this criminal

12                     proceeding to go forward, and, if appropriate, to undergo competency restoration

13                     treatment, which may include, as necessary, individual therapy.

14             (2)     By the end of the four-month period, unless that period is extended by further

15                     order of the Court, the director of the facility shall certify whether the defendant's

16                     mental condition has attained the capacity to permit the trial to proceed or whether

17                     the defendant's mental condition has not so improved as to permit the proceedings

18                     to go forward.  By the same deadline, the mental health professionals acting on

19                     behalf of the Attorney General shall prepare a report of their examination of

20                     defendant and of his competency status, and this report shall be filed with the

21                     Court, with copies to counsel for defendant and the government.  The Court will

22                     subsequently hold a hearing pursuant to 18 U.S.C. § 4247(d).

23             (3)     The United States Marshals Service shall arrange for the transportation of

24                     defendant at the government's expense to and from the facility designated by the

25                     BOP and such transportation shall be carried out in a way that avoids unreasonable

26                     delays.

27             (4)     Defendant shall cooperate with the persons performing this examination and

28                     competency restoration treatment.

3

1       (5)    Pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(4), the period of delay resulting

2       from the commitment period and other proceedings related to defendant's mental

3       competency, including any time leading up to and including the Court's hearing

4       concerning defendant's competency following examination, shall be excluded in

5       the computation of time under the Speedy Trial Act, 18 U.S.C. § 3161.

6

7

8   IT IS SO ORDERED.

9       Dated:   October 28, 2024

10                        UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28